IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN M. PAQUETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-00122-PRW |
| | ) |
| MARTIN O'MALLEY,[1] Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 23, 2023, United States Magistrate Judge Suzanne Mitchell issued a Report & Recommendation (Dkt. 18) ("R&R") in this action by Plaintiff Justin M. Paquette seeking judicial review of the Defendant's final decision that he is not disabled. Magistrate Judge Mitchell recommends that the Court affirm the decision of the Social Security Administration ("SSA"). The parties were advised of their right to object to the Report and Recommendation by November 6, 2023. Paquette timely filed an objection (Dkt. 19). For the reasons discussed below, the Court **ADOPTS** the R&R (Dkt. 18) in full and **AFFIRMS** the SSA's decision.

---

[1] Plaintiff's Complaint named Kilolo Kijakazi, former Commissioner of the Social Security Administration, as the Defendant in this action. Pursuant to Fed. R. Civ. P. 25(d), the current Acting Commissioner of the Social Security Administration, Martin O'Malley, is automatically substituted as the Defendant.

1

*Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] Proper objections must be both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] In the absence of a proper objection, the district court may review a magistrate judge's recommendation "under any standard it deems appropriate."[5] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[6] Finding none, the Court turns to Paquette's specific objections.

Additionally, a party may not use his objections to raise new arguments that he did not raise before the magistrate judge. The Court deems such arguments waived.[7] In reviewing this matter, the Court bears in mind the relevant legal touchstones: first, that the opinion of the administrative law judge (the "ALJ") need only be supported by substantial evidence in the record,[8] which is "more than a scintilla, but less than a preponderance";[9]

---

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[4] *Id.*

[5] *See Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[6] *Id.*

[7] *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996).

[8] *See* 42 U.S.C. § 405(g); *see also Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 759, 760 (10th Cir. 2003).

[9] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

and second, that when examining the ALJ's factual conclusion, the Court must "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[10]

### *Discussion*

Paquette objects to the Magistrate Judge's supposed failure to analyze whether the ALJ "applied the proper standards" where an "apparent conflict" existed in his Residual Functional Capacity (the written assessment of Paquette's ability to work despite any physical or mental limitations caused by his medical conditions). (Dkt. 19 at 3). The Residual Functional Capacity provides in relevant part as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Paquette] has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except: . . . *He can perform simple and some detailed but no complex instructions. Repetitive, routine, and rote.* The claimant can have occasional contact with coworkers and supervisors, and no contact with the general public.[11]

The ALJ asked the vocational expert a hypothetical question on the availability of past work for a theoretical person who was limited to performing "simple and some detailed, but no complex *task*[*s*]" and "*work* [that] would need to be repetitive, routine, and rote[.]"[12]

---

[10] *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013); *see also Collins v. Colvin*, 640 F. App'x 698, 701 (10th Cir. 2016) (rejecting arguments that "appear to question the ALJ's assessment of the evidence and urge the court to reweigh the evidence" since "[i]t is well settled . . . that [courts] do not reweigh the evidence or substitute [their] discretion for the agency's").

[11] Soc. Sec. Admin. R. (hereinafter "Tr."), (Dkt. 3-2), at 19–20 (emphasis added).

[12] Tr. 62–63 (emphasis added).

Paquette appears to raise two arguments,[13] both of which appear for the first time in his objection: (1) that the ALJ's use of "repetitive, routine, and rote" in the Residual Functional Capacity is ambiguous and (2) that the hypothetical question differed from the Residual Functional Capacity, such that the vocational expert's testimony could not support the Residual Functional Capacity. (Dkt. 19 at 2–4). Paquette asserted neither of these arguments before the Magistrate Judge,[14] so they are waived.

## *Conclusion*

Having carefully reviewed this matter de novo, the Court finds both that the ALJ did not legally err in arriving at his decision and that the record contains substantial evidence supporting the ALJ's decision.

Accordingly, the Court **ADOPTS** the thorough and well-reasoned R&R (Dkt. 18) issued by Magistrate Judge Mitchell on October 23, 2023, and **AFFIRMS** the decision of the SSA. Pursuant to 42 U.S.C. § 405(g), a judgment shall follow.

---

[13] The Court finds that to the extent that Paquette seeks to raise additional arguments, his objection is not sufficiently specific as to "enable[ the Court] to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d at 1060.

[14] Paquette only raised one alleged internal conflict before the Magistrate Judge: that the ALJ's finding that Paquette can perform only "'simple, repetitive, routine, and rote' work" conflicts with his finding that he can carry out "'some detailed' instructions." (Dkt. 8 at 7). Likewise, relating to the ALJ's hypothetical question, Paquette only argued that it was imprecise because substantial evidence did not support the Residual Functional Capacity. (Dkt. 8 at 5). The Magistrate Judge addressed both arguments. (Dkt. 18).

**IT IS SO ORDERED** this 17th day of September 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE